# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2137 | **DATE** | 5/23/2008 |
| **CASE TITLE** | April Tyler vs. Tony Thedford, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants plaintiff's motion to proceed *in forma pauperis* [docket no. 4] but directs the Clerk to enter judgment dismissing plaintiff's claims against all defendants other than Thedford for failure to state a claim, and dismissing her claim against Thedford for lack of subject matter jurisdiction. The Court denies as moot plaintiff's motion for appointment of counsel [docket no. 5].

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

*Pro se* plaintiff April Tyler has sued attorneys Tony Thedford and Joseph Vitu, Cook County Circuit Court judge Dorothy Kinnaird, and Cook County State's Attorney Richard Devine - and perhaps others (her complaint is unclear in this regard). As best as the Court can make out her claims, Ms. Tyler alleges that in April 2006, the state's attorney brought false charges against her based on statements made by various persons, including a receptionist working for judges on a particular floor of the Richard J. Daley Center and perhaps Judge Kinnaird and Mr. Vitu. Ms. Tyler alleges that the evidence against her was false. As best as the Court can determine from Ms. Tyler's complaint, it appears that she pled guilty due to the advice of Mr. Thedford, her lawyer, and because she was afraid that the all-white jury would convict her. Ms. Tyler sues Mr. Thedford on the ground that he rendered ineffective assistance as her defense attorney and the other defendants on the ground that they brought false charges against her.

Ms. Tyler has applied to proceed *in forma pauperis*, that is, without paying the usual filing fee. The Court grants her motion but reviews her complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Ms. Tyler has failed to state a claim. First of all, because she pled guilty, Ms. Tyler cannot pursue a federal civil rights claim for wrongful prosecution under 42 U.S.C. § 1983 against the prosecutor or the witnesses against her, unless and until her conviction is overturned, on appeal or otherwise. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Ms. Tyler's claim essentially attacks her conviction, and for that reason she cannot sue under § 1983 unless and until the conviction is overturned on appeal, on a petition for habeas corpus, or otherwise. *Id.* at 486-87.

*Heck v. Humphrey* disposes of all of Ms. Tyler's claims except for her claim against Mr. Thedford, her former lawyer. The Court lacks subject matter jurisdiction over that claim due to lack of diversity of citizenship, as it appears that both Ms. Tyler and Mr. Thedford are Illinois citizens.

**STATEMENT**

For these reasons, the Court directs the Clerk to enter judgment dismissing plaintiff's claims against all defendants other than Thedford for failure to state a claim, and dismissing her claim against Thedford for lack of subject matter jurisdiction.